UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) KEITH HARLOW,<br>　A/K/A "LORD SAVAGE," and<br><br>(2) JONATHAN PERRY,<br>　A/K/A "PEAZY,"<br><br>　　　　　Defendants | Criminal No.　25cr10306<br><br>Violations:<br><br>Count One: Conspiracy to Distribute, and Possess with Intent to Distribute, a Controlled Substance (21 U.S.C. § 846)<br><br>Count Two: Felon in Possession of Firearms and Ammunition (18 U.S.C. § 922(g)(1))<br><br>Count Three: Conspiracy to Interfere with Commerce by Robbery (18 U.S.C. § 1951(a))<br><br>Count Four: Engaging in the Business of Manufacturing and Dealing of Firearms Without a License (18 U.S.C. § 922(a)(1)(A))<br><br>Drug Forfeiture Allegation: (21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation: (18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c))<br><br>Robbery Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

## COUNT ONE
Conspiracy to Distribute, and Possess with Intent to Distribute, Controlled Substances
(21 U.S.C. § 846)

The Grand Jury further charges:

From on or about January 2025 through on or about May 29, 2025, in the District of

Massachusetts, the defendants,

     (1) KEITH HARLOW, A/K/A "LORD SAVAGE," and
     (2) JONATHAN PERRY, A/K/A "PEAZY,"

conspired with each other and with other persons known and unknown to the Grand Jury, to

knowingly and intentionally distribute, and possess with intent to distribute, controlled substances,

in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved a mixture and substance

containing cocaine, a Schedule II controlled substance.   Accordingly, Title 21 United States Code,

Section 841(b)(1)(C) is applicable to this Count.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Felon in Possession of Firearms and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about April 16, 2025, in the District of Massachusetts, the defendant,

(1) KEITH HARLOW, A/K/A "LORD SAVAGE,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition, that is, a Smith and Wesson, Model SW9VE, 9mm pistol bearing serial number PBD8205, a Smith and Wesson Model SD9VE, 9mm pistol bearing serial number FXJ0645, and ten rounds of 9mm ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
Conspiracy to Interfere with Commerce by Robbery
(18 U.S.C. § 1951(a))

The Grand Jury further charges:

On or about January 13, 2025, in the District of Massachusetts, the defendant,

(1) KEITH HARLOW, A/K/A "LORD SAVAGE,"

did knowingly conspire with other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of any article and commodity in such commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did conspire unlawfully to take and obtain personal property, consisting of drugs, and cash obtained by the sale of illegal drugs, in interstate and foreign commerce, belonging to Victim 1, from the person of and in the presence of Victim 1, against the will of Victim 1, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the person of Victim 1.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT FOUR
Engaging in the Business of
Manufacturing and Dealing in Firearms Without a License
(18 U.S.C. § 922(a)(1)(A))

The Grand Jury further charges:

From a time unknown to the Grand Jury, but from at least in or about January 2025 until

in or about May 2025, in the District of Massachusetts, the defendant,

(1) KEITH HARLOW, A/K/A "LORD SAVAGE,"

not being a licensed manufacturer and dealer in firearms within the meaning of Chapter 44, Title

18, United States Code, did willfully engage in the business of manufacturing and dealing in

firearms.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

5

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.    Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

(1) KEITH HARLOW, A/K/A "LORD SAVAGE,"
(2) JONATHAN PERRY, A/K/A "PEAZY,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants -

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

6

## FIREARM FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury finds:

1.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 922, as set forth in Counts Two and Four, the defendant,

(1) KEITH HARLOW, A/K/A "LORD SAVAGE,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

        a.    21 rounds of 9mm ammunition;

        b.    one BB gun/phantom model caliber 4.5mm;

        c.    one gray pistol receiver (plastic);

        d.    one Louis Vuitton pistol receiver (plastic);

        e.    one red pistol receiver;

        f.    one black pistol receiver (plastic); and

        g.    three black plastic suppressors.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

7

8

      e.  has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## ROBBERY FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1951(a), set forth in Count Three of this Indictment, the defendant,

### (1) KEITH HARLOW, A/K/A "LORD SAVAGE,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

9

A TRUE BILL

_____
FOREPERSON

_____
PHILIP A. MALLARD
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 17, 2025

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

2:30 p.m.